IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-159-FL

| | |
|---|---|
| WILLIAM S. LYNN and <br> BETTY C. LYNN, <br><br> Plaintiffs, <br><br> v. <br><br> SELENE FINANCE, LP, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) **MEMORANDUM AND** <br> ) **RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) |

This matter is before the court on Defendant Selene Finance's ("Defendant") motion to dismiss the complaint of *pro se* Plaintiffs William and Betty Lynn ("Plaintiffs") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE-19]. All responsive briefing is complete, and the pending motion is ripe for adjudication. This motion was referred to the undersigned and is considered here for a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(A), (B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Defendant's motion to dismiss [DE-19] be granted.

## I. BACKGROUND

On July 31, 2015, Plaintiffs filed a complaint alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, related to Defendant's debt collection practices. Compl. [DE-1]. On August 21, 2015, Plaintiffs filed a Notice of Errata, informing the court of an error in the complaint as to Defendant's name [DE-13], which the court construed to be a motion to amend the complaint and subsequently granted. Sept. 28, 2015 Text Order. After being granted an

extension of time to answer [DE-11], on September 22, 2015, Defendant filed an answer and a motion to dismiss the complaint pursuant to Rule 12(b)(6). [DE-19]. After requesting additional time to respond [DE-24], on November 9, 2015, Plaintiffs filed a response in opposition to the motion to dismiss. [DE-25].

## II. FACTUAL ALLEGATIONS

The following factual summary is taken from the complaint [DE-1] and attached exhibits. On October 9, 2009, Plaintiffs executed a promissory note in favor of Ideal Mortgage Bankers, LTD ("Ideal Mortgage") in the amount of $149,572.00, secured by a deed of trust on the real property located at 2342 Malmo Loop Road NE, Leland, North Carolina, 28451. Compl. [DE-1] at 3-4 ¶¶ 9-12; Assignment of Deed of Trust [DE-1-3] at 3. Plaintiffs did not make the third payment or any other payments on the note, after realizing that they received nothing from the transaction and learning that Ideal Mortgage's phones had been disconnected. Compl. [DE-1] at 4 ¶ 13.

On August 5, 2014, Defendant sent Plaintiff a letter titled "Servicing Transfer Information," wherein Defendant advised Plaintiff that it had become the servicer of Plaintiff's mortgage loan effective August 1, 2014, and servicing was being transferred to Defendant from LoanCare, a division of FNF Servicing Inc. *Id.* at 4 ¶¶ 14-15; Servicing Transfer Info. [DE-1-1]. Defendant also advised Plaintiffs that "[t]he assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan." Servicing Transfer Info. [DE-1-1] at 4.

On August 8, 2014, Defendant sent Plaintiffs a second letter titled "Validation of Debt Notice." Compl. [DE-1] at 5-8 ¶¶ 16-17, 27; [DE-1-2]. In the second letter (the "dunning letter"), Defendant named Government National Mortgage Association ("GNMA") as the creditor to whom

2

the debt was owed, listed the amount of debt as $208,824.06, and provided several notices to Plaintiffs. [DE-1-2] at 3-4. On December 12, 2014, the Brunswick County Register of Deeds recorded an Assignment of Deed of Trust executed on November 28, 2014, wherein Mortgage Electronic Registration Systems, Inc., as nominee for Ideal Mortgage, transferred its rights, title, and interest in Plaintiffs' deed of trust to Defendant. Compl. [DE-1] at 5 ¶¶ 19-20; [DE-1-3] at 3-4.

Plaintiffs allege that they were in default before Defendant was assigned the deed of trust and became their mortgage servicer, before GNMA was assigned the deed of trust, and before they received any communications from Defendant. Compl. [DE-1] at 5 ¶¶ 20-23. Plaintiffs also allege that GNMA is not a creditor and Defendant is a debt collector for purposes of the FDCPA. *Id.* at 5-6 ¶¶ 23-26. Plaintiffs assert the following claims: (1) Defendant failed to make the required disclosures listed in 15 U.S.C. § 1692g(a) in the dunning letter; (2) Defendant used false or misleading representations in violation of 15 U.S.C. § 1692e; (3) Defendant furnished false forms in an attempt to collect a debt in violation of 15 U.S.C. § 1692j; and (4) Defendant used unfair or unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f. The subject-matter jurisdiction of the court arises under 28 U.S.C. § 1331 by virtue of Plaintiffs' assertion of claims under the FDCPA.

### III. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a court may dismiss an action which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to

3

Case 7:15-cv-00159-FL Document 26 Filed 08/25/16 Page 3 of 20

consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts setting forth a cognizable claim under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that the court is not required to "conjure up questions never squarely presented.").

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, this rule is subject to several exceptions. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted). The court "may also consider documents attached to

4

the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted); *see also Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (considering a statement attached to a motion to dismiss where "it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity.") (citations omitted). Exhibits that may be incorporated within the pleadings under Rule 10(c) include documents such as affidavits, letters, contracts, and loan documentation. *Eagle Nation v. Market Force, Inc.*, 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001) (citation omitted). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c) . . . the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) (citation omitted).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted. Def.'s Mot. [DE-19]; Def.'s Mem. [DE-20]. Plaintiffs responded in opposition to the motion to dismiss. Pls.' Resp. [DE-25].

### A.     15 U.S.C. § 1692a

Defendant first argues that Plaintiffs' claims should be dismissed because they allege Defendant is a mortgage servicer and such entities are statutorily exempt from the FDCPA. Def.'s Mot. [DE-19] at 1-2. In response, Plaintiffs argue that they did not allege Defendant is a mortgage servicer; Defendant's argument is duplicitous where the FDCPA only addresses conduct by creditors and debt collectors; and Defendants' conduct only confuses Plaintiffs and constitutes further FDCPA violations. Pls.' Resp. [DE-25] at 2-3. Additionally, Plaintiffs contend that the case law cited by

5

Defendant is moot and Defendant's "arguments have been impeached by recent Consumer Financial Protection Bureau Amicus Briefs," but Plaintiffs fail to provide any further identifying information about these briefs. *Id.*

The FDCPA protects consumers from certain unfair debt collection practices. *See* 15 U.S.C. § 1692(e); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996) (citation omitted). Among other things, the FDCPA prohibits any false, deceptive or misleading representations or means in connection with the collection of any debt, 15 U.S.C. § 1692e; any unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f; failure to validate a debt, 15 U.S.C. § 1692g; or the use of deceptive forms in the collection of any debt, 15 U.S.C. § 1692j. "The FDCPA creates a private cause of action against debt collectors who violate its provisions." *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011) (citing 15 U.S.C. § 1692k). "To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Id.* (citations omitted). Here, there is no dispute that Plaintiffs were the object of collection activity in connection with consumer debt.

The relevant provisions of the FDCPA apply only to the activities of a "debt collector." *See* 15 U.S.C. §§ 1692e, 1692f, 1692g, 1692j; 1692k. Debt collectors subject to the FDCPA are defined in 15 U.S.C. § 1692a(6):

> [t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name

other than his own which would indicate that a third person is collecting or attempting to collect such debts.

The FDCPA also provides several exceptions to the broad definition of debt collector. *Id.* One such exception is laid out in § 1692a(6)(F)(iii), which exempts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." The Fourth Circuit recently addressed this exemption, stating,

> this exclusion means that a person collecting nondefaulted debts on behalf of others is not a debt collector. This exclusion was intended by Congress to protect those entities that function as loan servicers for debt not in default. *See* S. Rep. No. 95-382, at 3-4 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover the activities of . . . *mortgage service companies and others who service outstanding debts for others*, so long as the debts were not in default when taken for servicing" (emphasis added)).

*Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016). *But see Allen v. Bank of Am., N.A.*, 933 F. Supp. 2d 716, 729 (D. Md. 2013) (holding that a loan servicer was not a debt collector under the FDCPA and was more properly considered a creditor where it stepped into the creditor's shoes when it began servicing the mortgage and did not acquire the mortgage primarily to collect the defaulted amount) (citing *Padgett v. OneWest Bank, FSB*, No. 3:10-CV-08, 2010 WL 1539839, at *15 (N.D. W.Va. Apr. 19, 2010) (unpublished)).

Here, Plaintiffs' complaint alleges both that Defendant is a debt collector and a loan servicer:

> 5. Defendant is a debt collector as defined in FDCPA 15 U.S.C. § 1692a(6).
>
> . . .
>
> 21. Plaintiffs were in default when SELENE FINANCE LP became the servicer of plaintiff's [sic] debt.
>
> . . .

7

> 26. Defendant was attempting to collect a debt when defendant sent the initial communication in Exhibit A and the second communication in Exhibit B in addition to the executed assignment in Exhibit C, by their actions and conduct defendant is a "debt collector" under 15 USC [sic] [§] 1692a(6).

Compl. [DE-1] at 3, 5-6. Defendant argues that as a loan servicer, it is not a debt collector pursuant to the FDCPA and is statutorily exempt from liability. Def.'s Mem. [DE-20] at 3-6. In support of this argument, Defendant cites to the following cases: *Scott v. Wells Fargo Home Mortgage, Inc.*, 362 F. Supp. 2d. 709, 717 (E.D. Va. 2003), *aff'd sub nom. Scott v. Wells Fargo & Co.*, 67 F. App'x 238 (4th Cir. June 27, 2003), *abrogated in part on other grounds by Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473 (4th Cir. 2015); *Bagwell v. Dimon*, No. 1:14-CV-495, 2015 WL 2374614, at *6 (M.D.N.C. May 18, 2015) (unpublished); *Davis v. Bowens*, No. 1:11CV691, 2012 WL 2999766, at *2 (M.D.N.C. July 23, 2012) (unpublished), *adopted by* 2912 WL 4462184 (M.D.N.C. Sept. 25, 2012); *Areebuddin v. Onewest Bank, F.S.B.*, No. 1:09-CV-1083, 2010 WL 1229233 (E.D. Va. Mar. 24, 2010) (unpublished). However, all of these cases pre-date the Fourth Circuit's recent *Henson* decision. Indeed, at least one district court has applied *Henson* in denying a motion to dismiss on the grounds that the defendant was not a debt collector pursuant to the FDCPA where the plaintiff was in default when the defendant (a loan servicer) began servicing her loan. *Moss v. Ditech Fin., LLC*, No. PWG-15-2065, 2016 WL 4077719, at *4 (D. Md. Aug. 1, 2016) (unpublished) (citing *Henson*, 817 F.3d at 135; 15 U.S.C. § 1692a; *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759-60 (D. Md. 2012)).

Similarly here, where Plaintiffs have alleged that they were in default prior to Defendant becoming the servicer for their loan, construing the complaint in the light most favorable to Plaintiffs, Defendant does not meet the exemption to the definition of debt collector provided in 15

8

U.S.C. § 1692a(6)(F)(iii). Accordingly, Plaintiffs' claims are not subject to dismissal on the grounds that Defendant is not a debt collector and is statutorily exempt from the FDCPA.

**B. 15 U.S.C. § 1692g**

Defendant moves to dismiss Plaintiffs' claim pursuant to 15 U.S.C. § 1692g, arguing that Plaintiffs fail to allege they made a written request pursuant to 15 U.S.C. § 1692g(a)(5), and regardless, the dunning letter complied with the FDCPA's requirements. Def.'s Mot. [DE-19] at 2-3; Def.'s Mem. [DE-20] at 7-11. In response, Plaintiffs argue that Defendant's assertion that they did not make a written request is untrue, and Defendant failed to meet the requirements of 15 U.S.C. § 1692g in the dunning letter. Pls.' Resp. [DE-25] at 3-4. In the alternative, Plaintiffs seek leave to amend their complaint to include any notice of dispute mailed to Defendant. *Id.*

Section 1692g requires a debt collector to send a consumer a written notice within five days after the initial communication with the consumer in connection with debt collection activity (unless the required information is contained in the initial communication or the consumer has paid the debt). 15 U.S.C. § 1692g(a). This written notice must contain the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the

9

original creditor, if different from the current creditor.

*Id.* The required notices "must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer. The notice also must not be overshadowed or contradicted by other messages." *Nat'l Fin. Servs.*, 98 F.3d at 139.

In their complaint, Plaintiffs allege the following:

28. Exhibits [sic] B is defendant's non-compliance to make numerous disclosures that are required by 15 U.S.C. § 1692g.

29. Defendant is required to make the debt validation disclosures that are fair and not contradictory as required by the Fair Debt Collection Practices Act 15 U.S.C. § 1692g.

30. Defendant is required to state, . . . [sic] within thirty days **after** receipt of the notice, . . . [sic] in the dunning notice pursuant to 15 U.S.C. § 1692g(a)(3).

31. Defendant is required to state, . . . [sic] upon the consumer request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, **if different from the current creditor** pursuant to 15 U.S.C. § 1692g(a)(5).

32. Defendant failed to make numerous required disclosures required by the FDCPA 15 U.S.C. § 1692g.

33. Defendant appears to have violated 15 USC § 1692g(a)(3) and (a)(5) respectively.

. . .

55. Exhibit B: Does not to [sic] contain the requirements of § 1692g in violation of 15 U.S.C. § 1692g(a)(3) and (a)(5) respectively.

Compl. [DE-1] at 8, 12 (emphasis in original). Plaintiffs also allege that

23. Due to Plaintiffs being in default when the transfer or assignment was executed GOVERNMENT NATIONAL MORTGAGE ASSOCIATION is not a creditor pursuant to 15 U.S.C. § 1692a(4).

24. 15 U.S.C. § 1692a(4) states the term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt

10

> in default solely for the purpose of facilitating collection of such debt for another.
>
> 25. Plaintiffs do not owe a debt to GOVERNMENT NATIONAL MORTGAGE ASSOCIATION because GOVERNMENT NATIONAL MORTGAGE ASSOCIATION never offered or extended credit to Plaintiff(s).

*Id.* at 5-6 (emphasis in original).

In sum, Plaintiffs are claiming that Defendant falsely listed GNMA as the creditor in the dunning letter and failed to make the required disclosures listed in 15 U.S.C. §§ 1692g(a)(3) and (a)(5). Plaintiffs attached as exhibits both the initial letter sent by Defendants dated August 5, 2014, titled Servicing Transfer Information [DE-1-1], and the dunning letter at issue here, dated August 8, 2014 [DE-1-2]. The dunning letter was mailed within the required five-day period, and complies with the FDCPA's notice requirements as it includes the amount of the debt, the name of the creditor, and the required notices set out in 15 U.S.C. §§ (a)(3)-(5) in a prominent, easily-readable format. However, remaining for determination is whether Defendant falsely listed GNMA as Plaintiffs' creditor.

> Pursuant to the FDCPA, a creditor is defined as
>
> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collecting of such debt for another.

15 U.S.C. § 1692a(4). In *Henson*, the court held that the defendant was a creditor for purposes of the FDCPA, where the defendant acquired defaulted debt and was pursuing collection efforts on its own behalf, not on behalf of another. 817 F.3d at 137-40; *accord Jefferson v. Select Portfolio Servicing, Inc.*, No. PWG-15-2031, 2016 WL 3551835, at *4 (D. Md. June 30, 2016) (unpublished) (holding Wells Fargo was a creditor pursuant to the FDCPA even though it acquired the plaintiff's debt when it was already in default, where Wells Fargo acquired the debt for its own account, not

11

to collect on behalf of another). Here, Plaintiffs allege that they do not owe a debt to GNMA because GNMA "never offered or extended credit to Plaintiff(s)." Compl. [DE-1] at 6 ¶ 25. However, they also allege that their debt was assigned or transferred to GNMA, but this took place after Plaintiffs were already in default so GNMA cannot be a creditor for purposes of the FDCPA. *Id.* at 5 ¶ 23. Plaintiffs' argument is without merit, where even though they were in default when GNMA acquired their debt, they have failed to allege that GNMA is undertaking collection activity on behalf of another as required for Defendant to be a debt collector pursuant to the FDCPA. Further, on its face, the complaint states that Plaintiffs' debt was assigned or transferred to GNMA, which belies Plaintiffs' contention that they do not owe a debt to GNMA. Accordingly, Plaintiff has failed to state a claim for which relief may be granted by alleging that Defendant falsely listed GNMA as Plaintiffs' creditor in the dunning letter and violated 15 U.S.C. §§ 1692g(a)(3) and (a)(5).

In response to Defendant's motion to dismiss, Plaintiffs request to amend their complaint to include any notices of dispute they sent to Defendant. Pls.' Resp. [DE-25] at 4. When considering whether to grant a motion to amend, the court applies the following standard:

> [i]f the underlying facts and circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Thus, as a general rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis & citation

12

omitted). A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citations omitted).

Here, Plaintiffs seek to amend their complaint to include notices of dispute they mailed to Defendant. However, whether Plaintiffs sent notices of dispute to Defendant has no bearing on whether Defendant complied with 15 U.S.C. § 1692g(a) in its mailing to Plaintiffs. Thus, where the amendment could not address the deficiencies in Plaintiffs' claim pursuant to 15 U.S.C. § 1692g(a), the amendment would be futile and Plaintiffs' request to amend their complaint is denied.

### C. 15 U.S.C. § 1692e

Defendant moves to dismiss Plaintiffs' claim pursuant to 15 U.S.C. § 1692e, arguing that although Plaintiffs allege Defendant falsely listed GNMA as Plaintiffs' creditor, Plaintiffs have failed to allege that GNMA acquired the debt solely for the purpose of facilitating collection for another. Def.'s Mot. [DE-19]; Def.'s Mem. [DE-20] at 11-13. In response, Plaintiffs argue that

> Moving Defendant in their [sic] Motion to Dismiss attempts to move the pleading to the direction of Government National Mortgage Association where it should not be. Moving Defendant alleges the Plaintiffs misapplies [sic] the FDCPA and that GNMA never attempted to collect the debt, but rather employed the Moving Defendant. Moving Defendant is missing the first impression of 15 U.S.C. § 1692e just after . . . any false, deceptive or misleading representation, . . . [sic] comes . . . "or means in connection with the collection of any debt". Employing is a means.

Pls.' Resp. [DE-25] at 4 (emphasis in original). However, in Plaintiffs' complaint, they allege the following:

> 34. Exhibit B is defendant's attempt to represent the character, legal status or amount of the debt required by 15 USC § 1692e(2)(A).
>
> 35. Defendant is required not to use any false, deceptive or misleading representation or means in connection [sic] of any debt.

13

36. Defendant stated Government National Mortgage [A]ssociation as the creditor, as an after effect of the assignment or transfer of the debt years later to Government National Mortgage Association while the debt was in default, Government National Mortgage Association does not meet the lawful definition of a creditor pursuant to 15 U.S.C. § 1692a(4).

37. Defendant failed to state the true name of the creditor to whom the debt was owed as required by 15 U.S.C. § 1692e(2)(A).

38. Defendant appears to have violated 15 U.S.C. § 1692e(2)(A).

39. Exhibit B and Exhibit C is defendant's attempt to refrain from the use of any false, misleading or deceptive means to collect or attempt to collect the alleged debt.

40. Defendant is required not to use any false, deceptive or misleading representation or means in connection of any debt pursuant to 15 U.S.C. § 1692e(10).

41. Defendant failed to use real, accurate and honest means to collect or attempt to collect the alleged debt by naming Government National Mortgage Association as the plaintiff(s) [sic] creditor.

42. Defendant appears to have violated of [sic] 15 U.S.C. § 1692e(10).

. . .

57. Exhibit B: Contains false representation of the character or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

58. Exhibit B: & C: Contains false representation or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

Compl. [DE-1] at 8-10, 12.

15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" and provides specific examples of conduct that violates the subsection. *See* 15 U.S.C. § 1692e(2)(A) ("The false representation of . . . the character, amount, or legal status of any debt . . . ."); *Id.* § 1692e(10) ("The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.").

14

The crux of Plaintiffs' allegations in the complaint is that Defendant falsely named GNMA as Plaintiffs' creditor, when Plaintiffs contend that GNMA acquired their debt when they were already in default, such that GNMA cannot be a creditor for purposes of the FDCPA. However as discussed above, Plaintiffs' complaint also alleges that their debt was transferred or assigned to GNMA, belying their allegations. Accordingly, Plaintiffs have failed to state a claim for which relief may be granted by alleging that Defendant falsely listed GNMA as their creditor in violation of 15 U.S.C. §§ 1692e(2)(A) and (10). Additionally, while Plaintiffs refer to Exhibit C, the Assignment of Deed of Trust, nowhere in that document is GNMA listed and Plaintiffs do not allege that Defendant sent them the Assignment of Deed of Trust. [DE-1-3]; *see* Compl. [DE-1] at 5 ¶ 18 ("Plaintiffs noticed an assignment or transfer executed years later on November 28, 2014 to SELENE FINANCE LP recorded in the Brunswick County Registry."). Thus, Plaintiffs have failed a state a claim for which relief may be granted that Defendant falsely listed GNMA as Plaintiffs' creditor in Exhibit C, the Assignment of Deed of Trust.

Further, to the extent that in their response brief Plaintiffs allege that GNMA employed Defendant to collect their debt, which violated 15 U.S.C. § 1692e, this argument conflicts with the allegations contained in the complaint, which are all directed at Defendant. "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Nicholson v. Fitzgerald Auto Mall*, No. RDB-13-3711, 2014 WL 2124654, at *4 (D. Md. May 20, 2014) (unpublished) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (further citations omitted)). In addition, it is unclear what false or misleading representations GNMA would have made by employing Defendant as their loan servicer, where all communications in the record originated from Defendant and not GNMA.

15

**D. 15 U.S.C. § 1692j**

Defendant argues that Plaintiffs' claim pursuant to 15 U.S.C. § 1692j should be dismissed where Plaintiffs' allegations that Defendant is a debt collector belie any section 1692j claims. Def.'s Mot. [DE-19]; Def.'s Mem. [DE-20] at 13-16. In response, Plaintiffs argue that Defendant is further confusing them with double speak and duplicity by the use of various terms where this is a suit under the FDCPA, which only deals with creditors, debt collectors, and debt. Pls.' Resp. [DE-25] at 4-5. Plaintiffs also seem to admit that only Exhibit B, the dunning letter, was provided to them by Defendant, and also argues that Defendant's arguments have been overruled by recent Consumer Financial Protection Bureau's Amicus Briefs, without providing any further information about those briefs or their contents. *Id.*

> Plaintiffs allege the following in their complaint:
>
> 43. Exhibit [sic] B & C is defendants [sic] attempt to comply with not to design, compile, and furnish false forms knowing that such form [sic] would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor when in fact such person is not so participating pursuant to 15 U.S.C. § 1692j.
>
> 44. Defendant is required not to design, compile, and furnish false forms pursuant to 15 U.S.C. § 1692j.
>
> 45. Defendant failed not to design, compile and furnish false forms.
>
> 46. Defendant appears to have violated 15 U.S.C. § 1692j.
>
> . . .
>
> 60. Exhibit B: Contains unlawful design, compile and furnishing of false forms in an attempt to collect a debt in violation of 15 U.S.C. § 1692j.
>
> 61. Exhibit C: Contains unlawful design, compile and furnishing of false forms in

16

an attempt to collect a debt in violation of 15 U.S.C. § 1692j.

Compl. [DE-1] at 10, 13.

> 15 U.S.C. § 1692j(a) provides that
>
> [i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

Section 1692j was passed "specifically to address an abusive practice known in the credit industry known as 'flat-rating[.]'" *Francheschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 256 (S.D.N.Y. 1998).

> A "flat-rater" is one who sells to creditors a set of dunning letters bearing the letter-head of the flat-rater's collection agency and exhorting the debtor to pay the creditor at once. The creditor sends these letters to his debtors, giving the impression that a third party debt collector is collecting the debt. In fact, however, the flat-rater is not in the business of debt collection, but merely sells dunning letters. This bill prohibits the practice of flat-rating because of its inherently deceptive nature.

*Id.* (quoting S. Rep. No. 95-382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699). The *Francheschi* court held that the plaintiff had failed to state a claim pursuant to section 1692j where "the complaint itself recognizes that [the debt collector] *was* participating in the collecting of the debt . . . . [i]n short, the plaintiff's reference to this statutory provision is completely unsupported by, if not entirely unrelated to, the factual allegations in the complaint." *Id.*; *accord Murdoch v. Rosenberg & Assocs., LLC*, No. RWT 12-CV-2234, 2013 WL 1209144, at *3 (D. Md. Mar. 22, 2013) (unpublished).

Similarly here, Plaintiffs have failed to allege any facts that would support a cognizable claim pursuant to section 1692j. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

17

at 555). Plaintiffs have alleged that Defendant is a debt collector and that GNMA was transferred or assigned their debt, and there is no allegation that any communications were sent "to create the false belief . . . that a person other than the creditor . . . is participating in the collection of" their debt. 15 U.S.C. § 1692j(a). To the extent Plaintiffs' claims may plausibly be read to suggest that Defendant furnished the dunning letter to create a false belief that GNMA was Plaintiffs' creditor when it was not, that argument is without merit where Plaintiffs also allege that GNMA had obtained Plaintiffs' debt by assignment or transfer. Thus, Plaintiffs have failed to state a claim for which relief may be granted that Defendant furnished false forms in violation of 15 U.S.C. § 1692j.

### E. 15 U.S.C. § 1692f

Defendant argues that Plaintiffs' claim pursuant to 15 U.S.C. § 1692f should be dismissed because Plaintiffs have not plead any unfair or unconscionable behavior and again erroneously assert that GNMA was named as Plaintiffs' creditor when Defendant knew that to be untrue. Def.'s Mot [DE-19]; Def.'s Mem. [DE-20] at 16-17. In response, Plaintiffs argue that Defendant is again confusing Plaintiffs with double speak and duplicity, and just because Defendant asserts that it is working on behalf of GNMA does not make that assertion true. Pls.' Resp. [DE-25] at 5-6. Further, Plaintiffs state that "Defendant has provided no proof of an agreement to act in any capacity. Plaintiffs upon discovery and trial shall make clear Defendant's assertions are erroneous which will constitute unfair and unconscionable means under 15 U.S.C. § 1692f." *Id.*

Plaintiffs allege the following in their complaint:

47. The FDCPA 15 U.S.C. § 1692f states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

48. Exhibits B and C is [sic] defendant's attempt to comply and use fair or conscionable means to collect a debt from plaintiff(s) [sic].

18

49. Defendant is required not to use unfair of [sic] unconscionable means in the collection or attempt to collect any debt.

50. Defendant failed to use fair or conscionable means in attempting to collect a debt from plaintiff(s) [sic] by naming Government National Mortgage Association as plaintiff(s) [sic] creditor when defendant knew they were not.

51. Defendant appears to have violated 15 U.S.C. § 1692f.

. . .

63. Exhibits B: & C: Contains unfair or unconscionable means in the collection of the debt from plaintiffs in violation of 15 U.S.C. § 1692f.

Compl. [DE-1] at 10-11, 13.

Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and provides specific examples of conduct that would violate this provision. 15 U.S.C. § 1692f. Here, the only action Plaintiffs point to in arguing that Defendant used unfair or unconscionable means is that Defendant listed GNMA as Plaintiffs' creditor despite knowing this was false. However, as discussed above, this argument is without merit where Plaintiffs also allege in the complaint that the debt was transferred or assigned to GNMA. *See* Compl. [DE-1] at 5 ¶ 23. As this is the only conduct Plaintiffs claim violated section 1692f, Plaintiffs have failed to state a claim for which relief may be granted that Defendant violated 15 U.S.C. § 1692f.

## V. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Defendant's motion to dismiss [DE-19] be GRANTED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **September 8, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must

19

Case 7:15-cv-00159-FL   Document 26   Filed 08/25/16   Page 19 of 20

conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **10 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, the 25th day of August 2016.

Robert B. Jones, Jr.
United States Magistrate Judge