IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-159-FL

| | |
|---|---|
| WILLIAM S. LYNN and, ) | |
| BETTY C. LYNN, ) | |
| ) | ORDER |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| SELENE FINANCE, LP, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (DE 19). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court grant defendant's motion. (DE 26). Plaintiffs timely filed an objection to the M&R (DE 27), and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own, and grants defendant's motion.

**DISCUSSION**

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687

F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Plaintiffs raise a general objection that does not direct the court to a specific error in the magistrate judge's M&R. Plaintiffs object generally to the magistrate judge's determinations that plaintiffs failed to state a claim that (1) defendant's dunning letter violated the requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., (2) defendant engaged in false or misleading representations when it served as loan servicer for Government National Mortgage Association ("GNMA"), (3) defendant used false forms to collect plaintiffs' debt, and (4) defendant used unfair or unconscionable means to collect plaintiffs' debt.

Upon careful review of the M&R and the record in this case, the court adopts the analysis and conclusions of the M&R as its own. The crux of each allegation in the complaint is that, by falsely naming GNMA as plaintiffs' creditor in a dunning letter, defendant violated various sections of the FDCPA. However, on its face, the complaint states that plaintiffs' debt was, in fact, assigned or transferred to GNMA (Compl. at 5 ¶ 23), and plaintiffs plead no other facts to establish that defendants violated the FDCPA. Consequently, defendant is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**CONCLUSION**

Based upon the foregoing, upon careful review of the M&R and the record, the court

ADOPTS the recommendation of the magistrate judge as its own. Defendant's motion to dismiss for failure to state a claim (DE 19) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of September, 2016.

LOUISE W. FLANAGAN
United States District Judge